# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                        **Case No. 19-CR-85**

**RICHARD D. ABBOTT**
    **Defendant.**

## DECISION AND ORDER

The government obtained an indictment charging defendant Richard Abbott with robbery of an Associated Bank branch on November 27, 2018, contrary to 18 U.S.C. § 2113(a) (count one); attempted armed robbery of a North Shore Bank branch on November 30, 2018, contrary to 18 U.S.C. § 2113(a) & (d) (count two); using a firearm during the November 30, 2018 robbery, contrary to 18 U.S.C. § 924(c) (count three); armed robbery of a Town Bank branch on December 1, 2018, contrary to 18 U.S.C. § 2113(a) & (d) (count four); using and carrying a firearm during the December 1, 2018 robbery, contrary to 18 U.S.C. § 924(c) (count five); and robbery of an Associated Bank branch on December 15, 2018, contrary to 18 U.S.C. § 2113(a) (count six). I granted defendant's request to proceed pro se, and on February 3, 2021, he filed a motion to dismiss the indictment. I directed the government to respond and permitted defendant to reply. For the reasons that follow, I deny the motion.

**I.**

In his pro se motion, defendant argues that counts two, three, four, and five are defective because they lack evidence as required by federal law. (R. 104 at 1.) In the background section of his motion, defendant indicates that police received an anonymous tip that he was

the suspect in the North Shore Bank robbery. On receiving the tip, a detective researched defendant and learned that he had previously been on supervision. The detective sent surveillance stills from the robbery to defendant's former probation agent, who recognized defendant as the suspect. Defendant indicates that despite the absence of physical evidence connecting him to the robberies, an arrest warrant was issued on December 17, 2018, and on December 21, 2018, he was arrested at a casino. Defendant indicates that on being arrested he immediately asked for a lawyer and invoked his right to remain silent. On December 22, 2018, he was placed in a live lineup without counsel present.[1] (R. 104 at 2.) He attaches to his motion copies of police reports[2] and a "wanted person – temporary felony" notice issued by the police.[3] (R. 104 at 5-8.) The state filed a complaint charging him with the robberies on December 23, 2018, but those charges were later dismissed in favor of the federal indictment returned on May 7, 2019. (R. 104 at 2; R. 114 at 7.)

In the argument section of his motion, defendant contends that the government charged him with a defective indictment with insufficient evidence and hearsay. He makes four specific

---

[1] As I discussed in a previous order denying defendant's motion to suppress the identification as unduly suggestive, eight tellers from three of the banks viewed the live lineup, with six identifying defendant and two failing to identify anyone. The following day, two tellers from the fourth bank viewed a sequential photo array of the participants in the lineup; both identified defendant. (R. 53 at 1.)

[2] The reports indicate that the detective received information that defendant was the robber from a named police officer (not an anonymous tip) before contacting defendant's former probation agent. (R. 104 at 5.) In reply, defendant contends that the police officers from this district are corrupt, that the detective gathered a team, including the officer and the agent, to frame defendant, and that the detective had secret, off-the record conversations with his fellow officers. (R. 115 at 2-6.)

[3] This was not a warrant issued by a judicial officer but rather a wanted alert issued by the police.

arguments. (R. 104 at 3.)

First, defendant argues that he was arrested on December 21, 2018, without probable cause, based on the probation agent's identification. He contends that the agent's subjective belief that he was the robber did not establish probable cause. He argues that his Fourth Amendment rights were violated, making the indictment fruit of the poisonous tree because it stems from an unlawful arrest. (R. 104 at 3, citing United States v. Griffin, No. 16-CR-26-JPS, 2016 U.S. Dist. LEXIS 96006 (E.D. Wis. July 22, 2016).)

Second, defendant argues that the police violated his Fifth Amendment rights by disregarding the invocation of his right to remain silent and have a lawyer present. He contends that the police badgered him, keeping him in a cold room without food while asking him to attend a live lineup. (R. 104 at 3, citing Miranda v. Arizona, 384 U.S. 436 (1966).) He notes that when a suspect invokes his right to counsel interrogation must cease until a lawyer is provided, but he makes no claim that he made any statements in response to the alleged unlawful interrogation. (R. 104 at 3; R. 114 at 8.)

Third, defendant argues that the police violated his Sixth Amendment rights by holding a live lineup in the absence of counsel. He contends that he was at that point not just a suspect but the accused, as an arrest warrant had been issued. (R. 104 at 3, citing United States v. Wade, 388 U.S. 218 (1967).) He further contends that courtroom identifications are barred if pre-trial identifications occurred without counsel being present; he asserts that this rule applies to any lineup, regardless of when the identification occurs, before or after indictment. (R. 104 at 3.)

Fourth, defendant argues that counts two, three, four, and five are defective, in that all of these counts are firearm-based, yet the robber was not seen by witnesses or on camera

3

displaying a firearm, he was not found with a firearm at the time of his arrest, and the government has not recovered a firearm connecting him to the crimes. (R. 104 at 4, citing United States v. Odom, 329 F.3d 1032 (9th Cir. 2003).) He further notes that the word "use" in 18 U.S.C. § 924(c) requires active employment, something more than mere possession, and that a conviction under 18 U.S.C. § 2113(d) likewise requires more than mere possession. (R. 104 at 4, citing United States v. Ray, 21 F.3d 1134 (D.C. Cir. 1994).)

Based on the insufficiency of the evidence and the violation of his constitutional rights, defendant requests dismissal of the indictment in its entirety. (R. 104 at 4.)

**II.**

At the pre-trial stage, the indictment is tested solely by its sufficiency to charge an offense, United States v. Sampson, 371 U.S. 75, 78-79 (1962), regardless of the strength or weakness of the government's case, or the sufficiency of the government's evidence, United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009); see also Costello v. United States, 350 U.S. 359, 363 (1956) (holding that indictments are not "open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury"); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a summary trial of the evidence.") (internal quote marks omitted). Thus, if the government's evidence is insufficient to show that defendant used firearms, as required by 18 U.S.C. § 924(c) and/or 18 U.S.C. § 2113(d), his remedy is to put the government to its proof at trial.

In reply, defendant contends that the government is using false evidence of weapon possession to keep him detained. (R. 115 at 8.) The indictment alleges use of a dangerous weapon in the armed bank robbery counts and use of a firearm in the § 924(c) counts. This is sufficient to trigger a presumption of detention, see United States v. Dominguez, 783 F.2d

4

702, 706 n.7 (7th Cir. 1986), and to bring the case to trial.  Defendant also argues, for the first time in reply, that it is improper to charge him under both § 2113(d) and § 924(c).  (R. 115 at 8, citing Simpson v. United States, 435 U.S. 6 (1978).)  Congress later amended the statute to supersede Simpson, requiring consecutive sentences for armed bank robbery and using a firearm in the course of that robbery.  United States v. Loniello, 610 F.3d 488, 495 (7th Cir. 2010) (citing United States v. Gonzales, 520 U.S. 1, 10-11 (1997); United States v. Harris, 832 F.2d 88 (7th Cir. 1987)).

Defendant further notes in reply that the judge determines admissibility of evidence (R. 115 at 9), but the court's role in enforcing the Rules of Evidence does not extent to ruling, pre-trial, that the government's evidence is false or insufficient.  Defendant's allegations of corruption in the investigation of his case are also insufficient to warrant dismissal of the indictment.  See United States v. Lopeztegui, 230 F.3d 1000, 1003 (7th Cir. 2000) ("[W]e have declined to recognize the doctrine of outrageous government conduct in a case involving alleged misconduct by law enforcement.").

Moreover, the proper remedy for violation of a suspect's Fourth, Fifth, and/or Sixth Amendment rights is suppression of any evidence obtained as a result, not dismissal of the indictment.  See, e.g., United States v. Rodriguez, 948 F.2d 914, 916 (5th Cir. 1991); see also United States v. Crews, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction.").  Defendant cites no case supporting dismissal based on the constitutional violations he alleges here.  In the motion, he cites Griffin, where the court granted suppression of physical evidence, not dismissal, based on a Fourth Amendment violation.  2016 U.S. Dist. LEXIS 96006, at *22.  In reply, defendant cites two § 1983 cases (R. 115 at 5, citing Sornberger v. City of Knoxville,

5

434 F.3d 1006 (7th Cir. 2006); R. 115 at 6, citing Anderson v. City of Rockford, 932 F.3d 494 (7th Cir. 2019)), but those cases are inapposite in this criminal proceeding.

Because defendant does not seek suppression, it is unnecessary to consider in detail his allegations of constitutional violations. It suffices to say that, aside from the lineup identification, defendant identifies no evidence obtained by the police as a result. It appears that the police recovered no physical evidence on his arrest, and he made no post-arrest statements. Therefore, even if the police violated Miranda, as defendant alleges (R. 115 at 7), there is nothing to suppress. See United States v. Peterson, 414 F.3d 825, 828 (7th Cir. 2005) ("Miranda creates a rule of evidence: statements made during custodial interrogation by a person who has not been informed of, and waived, his privilege against compulsory self-incrimination (and the right to counsel designed to facilitate its invocation) are inadmissible in criminal proceedings.").

In its response, the government discusses possible suppression of the out-of-court identification under the Wade line of cases. (R. 114 at 10-16.) The lineup here occurred after the Milwaukee County Circuit Court made a probable cause determination under the County's Riverside procedure (R. 114 at 6; R. 114-3); in United States v. Mitchell, No. 15-CR-47, 2015 U.S. Dist. LEXIS 124434, at *10-13 (E.D. Wis. Sept. 17, 2015), I held that the Sixth Amendment right to counsel attaches at that time under Rothgery v. Gillespie County, Tex., 554 U.S. 191 (2008). The government disagrees with Mitchell, but I decline to consider those arguments because defendant does not in reply ask the court to suppress the out-of-court identification under the Mitchell/Rothgery theory. Instead, he makes a different argument, asserting that initiation of adversary proceedings is irrelevant once a suspect invokes his right to counsel, citing Michigan v. Jackson, 475 U.S. 625 (1986), which was overruled by Montejo

v. Louisiana, 556 U.S. 778, 797 (2009). (R. 115 at 7.) And, he continues to advocate for dismissal, rather than suppression.[4] (R. 115 at 9.)

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (R. 104) is denied.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[4]Defendant also appears to incorrectly believe that courtroom identifications are barred if a pre-trial identification occurred without counsel present. (R. 104 at 3.) That is not the law. See United States v. West, 628 F.3d 425, 428 (7th Cir. 2010) (noting that a witness may make an in-court identification after an un-counseled lineup identification if the government shows by clear and convincing evidence that there is an independent basis for the witness's in-court identification).

7